# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2767-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

D.L.A.,

      Defendant-Appellant.

_____

        Submitted April 27, 2021 – Decided May 11, 2021

        Before Judges Haas and Mawla.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 11-02-0116.

        Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

        Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Kaelyn Barbour, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the January 30, 2020 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

The following facts are set forth in a police report that was submitted to the PCR judge. On April 9, 2010, a man wearing a white jacket approached a woman in a parking garage, forced her into her car, and then sexually assaulted her. During the attack, the man confined the victim for a substantial period of time inside the car. The man told the victim he had a knife, forced her to perform oral sex on him, asked her for money, and threatened to "throw her body in the river" if she did not comply. He also bit the victim's breasts and penetrated her vagina with his finger and wiped blood on her shirt and face. Eventually, the victim was able to attract the attention of a passer-by and the man fled the scene.

The police quickly secured surveillance footage which showed the assailant in various locations in the garage. On April 13, two detectives interviewed defendant, who matched the description of the suspect. After the detectives read defendant his Miranda[1] rights, he agreed to speak to them after signing a written waiver. Defendant denied any involvement in the April 10

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2767-19

attack and declined to provide a buccal swab for possible DNA comparison. Therefore, the detectives terminated the interview.

By April 15, the detectives had spoken to multiple sources who identified defendant as the man in the surveillance video. After learning that defendant had active warrants, the detectives arrested him and brought him to police headquarters. The detectives advised defendant of his <u>Miranda</u> rights, which he waived by executing a written waiver form. Defendant again denied any involvement in the attack on the woman and agreed to permit the detectives to search his room at the facility where he was then living.

The detectives transported defendant to the facility so he could be present during the search. The detectives seized two pairs of pants with red stains on them, but did not locate the white jacket. They then brought defendant back to the headquarters interview room. Once there, the police again read defendant his <u>Miranda</u> rights, which he waived by signing the appropriate form. During the course of the interview, defendant declined another request to provide a buccal swab and refused to answer any further questions. The detectives immediately ended the interview and began to process defendant.

While the police were securing defendant's property, he asked several times if he could again speak to the detectives. The detectives brought defendant

A-2767-19

back to the interview room and advised him of his <u>Miranda</u> rights. After defendant signed the waiver form, he gave a statement to them concerning his involvement in the April 9 attack.[2]

Defendant claimed he had known the victim for about a month prior to April 9 and that they would meet on Fridays in the parking garage to "'make out' (kiss) in her vehicle." Defendant asserted that, on April 9, he and the victim were kissing in the back seat of her car when she pulled her pants down. Defendant stated he put his finger into her vagina but stopped when he noticed she was bleeding. Defendant alleged the victim voluntarily performed oral sex on him for about twenty-five minutes before the passer-by interrupted them. Defendant then fled the scene. He admitted he was wearing a white jacket that day, but claimed he later gave it to another resident at his facility.

A Mercer County grand jury subsequently returned a seven-count indictment charging defendant with first-degree kidnapping, N.J.S.A. 2C:13-1(b) (count one); two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3) (counts two and three); two counts of aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a) (counts four and five); third-degree terroristic

---

[2] All four of the interviews were video-recorded.

threats, N.J.S.A. 2C:12-3(b) (count six); and first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count seven).

Prior to the pretrial conference, defendant pled guilty to first-degree kidnapping and first-degree aggravated sexual assault under counts one and two. In return for defendant's plea, the State agreed to dismiss the remaining five counts of the indictment.

The trial judge later sentenced defendant in accordance with his negotiated plea agreement to a seventeen-year term on the kidnapping charge, and a concurrent ten-year term on the aggravated sexual assault charge, with both sentences being subject to an 85% period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. The judge also sentenced defendant to parole supervision for life and ordered him to serve his custodial sentence at the Adult Diagnostic and Treatment Center at Avenel.

Defendant appealed his sentence. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11, and affirmed defendant's sentence. State v. D.L.A., No. 2115-13 (App. Div. Apr. 28, 2014), certif. denied, 220 N.J. 40 (2014).

Defendant then filed a timely petition for PCR. Among other things, he alleged that his attorney provided him with ineffective assistance because he did

not file a motion to suppress the statements he gave to the police during his four interviews. However, defendant did not submit a certification setting forth any grounds upon which such a motion could have been based.[3] Defendant also did not supply copies of the recordings or written transcripts of these interviews.

After conducting oral argument, Judge J. Adam Hughes rendered a thorough written decision rejecting defendant's contention. The judge found that defendant

> offer[ed] no other evidence or certifications and has not indicated with specificity how he could have successfully challenged the admissibility of his statements. On the contrary, the records provided by [defendant] suggest that the statement was made knowingly and voluntarily after [defendant] was advised multiple times of his Miranda rights, and after he reinitiated contact with the officers to provide a non-criminal explanation for his encounter with the victim. . . . Based on these points, it is unlikely that a motion to suppress would have been meritorious.

Thus, the judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. Because defendant

---

[3] Defendant's attorney asserted in a letter to the court that the "statements were coerced." However, the attorney did not support this claim with a certification and provided no further explanation for this assertion.

A-2767-19

was unable to establish a prima facie case of ineffective assistance of counsel, the judge also determined that an evidentiary hearing was not required. This appeal followed.

On appeal, defendant raises the same arguments he unsuccessfully presented to Judge Hughes. Defendant contends:

POINT ONE

THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THERE WAS NO RATIONAL EXPLANATION WHY DEFENSE COUNSEL FAILED TO LITIGATE A VIABLE MOTION TO SUPPRESS WHEN THE RULES OF COURT SPECIFICALLY ALLOW FOR SUCH MOTIONS TO BE LITIGATED AND DECIDED BEFORE A DEFENDANT CHOOSES TO PLEAD GUILTY OR PROCEED TO TRIAL AND THEREFORE, DEFENDANT ESTABLISHED A PRIMA FACIE CASE THAT PLEA COUNSEL FAILED TO PROVIDE DEFENDANT WITH THE EFFECTIVE ASSISTANCE OF COUNSEL REQUIRED BY THE NEW JERSEY AND FEDERAL CONSTITUTIONS.

POINT TWO

THE FAILURE OF PLEA COUNSEL TO LITIGATE A VIABLE MOTION TO SUPPRESS DEFENDANT'S INCRIMINATING STATEMENT TO LAW ENFORCEMENT, AND USE R[ULE] 3:9-1(e) FOR DEFENDANT'S BENEFIT, DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

7

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his or her right to a fair trial. Strickland v. Washington, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). The United States Supreme Court has extended these principles to a criminal defense attorney's representation of an accused in

connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 143-44 (2012).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

We have considered defendant's contentions on appeal in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Hughes in his written opinion and add the following comments.

Where, as here, a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." State v. O'Neal, 190 N.J. 601, 619 (2007). For example, where a defendant complains his or her counsel should have filed a suppression motion, "the defendant not only must satisfy both parts of the Strickland test but

also must prove that his [or her] Fourth Amendment claim is meritorious." State v. Fisher, 156 N.J. 494, 501 (1998).

Here, defendant has failed to demonstrate that a motion to suppress his statement to the detectives would have been successful. Indeed, defendant has not even identified a cognizable basis for such a motion. Defendant did not provide a certification alleging any defect or coercion in the interrogation process which, according to the police report he has submitted on appeal,[4] was conducted in complete compliance with all of the requirements imposed by Miranda. Defendant even failed to submit copies of the recordings or transcripts of the four interviews for the trial court's or our review.

As already noted, a defendant is obliged to establish the right to PCR by a preponderance of the evidence. Preciose, 129 N.J. at 459. The court must consider the defendant's "contentions indulgently and view the facts asserted by him in the light most favorable to him." Cummings, 321 N.J. Super. at 170. However, a defendant must present facts "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

---

[4] Defendant also never filed a certification disputing any of the facts set forth in the police report.

10                                                                          A-2767-19

Judged against this standard, it is clear that defendant's petition is unsupported by cognizable evidence. Defendant presented no first-hand certification attesting to any grounds that might have supported a successful motion to suppress any of the statements he gave to the detectives. He also failed to identify any legal theory supporting such a motion. Under these circumstances, we are satisfied that Judge Hughes correctly found that defendant did not establish either prong of the Strickland test.

In sum, defendant's trial attorney was not ineffective because he did not file a motion to suppress the statements defendant voluntarily gave to the detectives after waiving his Miranda rights. Because defendant did not establish a prima facie case of ineffective assistance of counsel under Strickland, Judge Hughes was not required to conduct an evidentiary hearing on defendant's PCR application. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2767-19